(No. 1089—Claimant awarded $300.00.)

Archie Brown, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed May 12, 1927.*

Military service—*when award may be made.* Claimant a private in Co. I, 8th Inf., Illinois National Guard was injured, while obeying orders from his superior Batallion Commander, in riding a horse he was directed to bring to his commander:  *Held.*  That while the State is not liable for the injury sustained compensation may be awarded according to the provisions of the Workmen's Compensation Act.

Clarence B. Davis, for claimant.

Oscar E. Carlstrom, Attorney General; Frank R. Eagleton, Assistant Attorney General, for respondent.

Mr. Justice Leech delivered the opinion of the court:

The declaration filed by claimant alleges that on August 1, 1926, he was a regularly enlisted member of the military force of the State of Illinois, as a private in Company I, Eighth Infantry, Illinois National Guard, and was on duty on the first day of August, 1926, at Camp Grant, Illinois, in pursuance to orders from his company commander; that on said date, while in the discharge of his regular military duties, the plaintiff was commanded by his battalion commander, Major Robert A. Byrd, to go to a certain corral and then and there take possession of a certain horse and bring the horse to the quarters of said battalion commander; that plaintiff, in discharge of his orders and duties, proceeded to the corral and was then and there given a certain horse by the officer in charge, and that

he mounted the horse, as he was ordered to do, and attempted to ride said horse to the quarters of said battalion commander; that the horse became frightened and fell to the ground while plaintiff was still on the back of the horse, and the horse in so falling fell upon plaintiff and broke his left leg; that many bones in plaintiff's foot and leg were broken and he became ill, sore, lame and disabled and so remained for a long time, and that he is permanently incapacitated.

A demurrer filed by the Attorney General of the State of Illinois is sustained, as a matter of law.

It appears from the testimony that so far as the union of the bone is concerned, that the leg is healed. One physician testifies that there is a 60% disability in the use of the member. The respondent's doctor stated that there was no permanent partial disability. Claimant is now employed by the State, as a janitor, and is receiving $100.00 per month. He is 53 years of age, and if he were compelled to go to work for an individual, he would be considerably handicapped on account of the injury sustained, and his earning power has been decreased by this disability.

While we do not concede any legal liability on the part of the State of Illinois, if he were employed under the provisions of the Workmen's Compensation Act, he would probably be allowed a reasonable sum, and, figuring a disability of 50% to the use of his left leg, he is entitled to receive, and we accordingly award to him, the sum of $300.00, figured according to the provisions of the Workmen's Compensation Act of the State of Illinois.